UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 98-6155-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

 Plaintiff,

v.

IRA TYSON,

 Defendant.

_____/

**REPORT AND RECOMMENDATION ON**
**PETITION FOR REVOCATION OF SUPERVISED RELEASE**

 This matter is before the Court on the Government's Petition for Revocation of Supervised Release ("Petition") for Defendant Ira Tyson ("Defendant"). [D.E. 456].[1] The government alleges that Defendant violated conditions of his Supervised Release and requests that his term of Supervised Release be revoked. Defendant admitted Violations 2 - 5 of the Petition [D.E. 469], but he denied Violation 1 which alleges that he committed certain drug offenses on March 29, 2013 in violation of the mandatory condition that he refrain from violating the law.

 An evidentiary hearing was held on this matter on August 22, 2013, after which the parties submitted supplemental briefing on certain issues as requested by the Court.

---

 [1] The Honorable K. Michael Moore referred this matter to the undersigned Magistrate Judge. [D.E. 462].

Based on the evidence adduced at the hearing and the record as a whole, we find that the government established by a preponderance of the evidence that Defendant possessed marijuana in *some* quantity although it did not demonstrate that the actual weight of the drug was more than 20 grams, an element necessary to support a felony possession charge under state law. However, we also find that the government failed to show that it was more likely than not that Defendant intended to sell the marijuana.

Given these findings, as well as the admissions regarding Violations 2-4, we recommend that the Petition be Granted in part and that Defendant's supervised release be revoked.

## I.   FACTUAL FINDINGS

On March 29, 2013, Detective Erik Zamora of the Broward County Sheriff's Office and other law enforcement officers executed a search warrant at Defendant's residence in Broward County, Florida.[2] Approximately one hour before the warrant was executed, officers established surveillance of the residence. They observed an unknown black male (not Defendant) enter and exit the house, then engage in a hand-to-hand transaction. When Detective Zamora arrived on the scene immediately prior to execution, two black males were in front of the residence. One of those men was Defendant.

---

[2] The affidavit supporting the search warrant included information about a controlled purchase of cocaine that occurred at that location four days before the warrant was executed, when a confidential informant ("CI") made a controlled purchase of cocaine from an unidentified black male (who was not Defendant) inside the residence.

During a search of Defendant's bedroom, officers found one large bag containing 22 individually-packaged baggies of marijuana and another bag that contained small empty baggies. Officers also found cable and power company receipts with Defendant's name on them. No documents belonging to anyone else were recovered from the house. No money, drug paraphernalia, or any additional drugs were found, either.

Defendant was arrested, advised of his *Miranda* rights, then admitted that the marijuana belonged to him. Officers searched Defendant and found a key to the residence in his possession. No drugs, drug paraphernalia, or money was recovered from Defendant.

According to Detective Zamora, the 22 individually-packaged baggies of marijuana were consistent with street-level sales and had an approximate street value of $500. He testified that the empty baggies are used to package marijuana and other narcotics. Detective Zamora weighed the marijuana – still individually packaged inside the baggies – and determined it weighed approximately 23 grams. Although the marijuana was sent to a lab for further analysis, Detective Zamora never received the results of that analysis and thus was unable to provide a precise measurement for the quantity of the marijuana seized from Defendant's house.

## II.   ANALYSIS

### A.   *Applicable Standard*

The government bears the burden of showing by a preponderance of the evidence that Defendant violated a condition of his supervised release. *See* 18 U.S.C. § 3583(e)(3) (to revoke a defendant's supervised release, the court must find by a

preponderance of the evidence that the defendant violated a condition of supervised release). Based on the evidence adduced at the hearing, the government easily met its burden of proof as to possession. Because Defendant was found in possession of marijuana which is illegal in Florida (regardless of the quantity of marijuana), he violated the mandatory condition of his supervised release that he not commit any additional crimes. Consequently, revocation is warranted.

However, we also must determine whether the government proved that Defendant possessed the marijuana with the intent to sell it, the second offense alleged in Violation 1 of the Petition and a violation of Fla. Stat. § 893.13(1)(a)2. In addition, to ensure a complete record, we also examine whether the government established felony possession of marijuana, as opposed to misdemeanor possession, as defined by Fla. Stat. §§ 893.13(1)(a)2 and 893.13(6)(b).

### B. *Discussion*

#### 1. Possession with Intent to Deliver

The evidence of Defendant's intent to sell marijuana is entirely circumstantial in this case. In Florida, "[w]here the only proof of an intent to sell is circumstantial, it may support a conviction only if it excludes every reasonable hypothesis of innocence." *Glenn v. State*, 824 So.2d 1046, 1049 (Fla. 4th DCA 2002). The type of circumstantial evidence necessary to prove the intent to sell includes the quantity and value of the contraband (which may be sufficient when the quantity is substantial) or, in situations where small amounts of contraband are found, "courts generally require

other proof of suspicious circumstances, drug paraphernalia available, or other evidence which circumstantially would indicate an intent to sell." *Id.*

The government contends that the only reasonable inference to be drawn from the evidence is that Defendant intended to sell the marijuana. In addition to the 22 individually-packaged baggies of marijuana that weighed approximately 23 grams, the government points to Detective Zamora's testimony that the number and packaging were consistent with street-level sales and would have had an approximate street value of $500. Moreover, the unused baggies found inside the house eventually were going to be filled – filled with marijuana, the government asserts.

Defendant argues that the evidence instead supports a reasonable hypothesis that the marijuana present in the home was for personal use. Officers did not observe him selling marijuana. They recovered no money or drugs from his person. Inside the house, Defendant points out, officers did not locate any money, scales, loose marijuana that could be packaged for sale, a "little black book" with sales-related information, or other evidence of sales of illegal substances inside the house.

Based on a thorough review of the evidence, we find that the government failed to show it was more probable than not that Defendant intended to sell the marijuana seized from inside his residence. There is no evidence in the record that establishes that the quantity of marijuana, or the packaging of the drugs, is inconsistent with personal use. *See Jackson v. State*, 818 So. 2d 539, 541 (Fla. 2d DCA 2002) (the quantity of drugs may be circumstantial evidence of an intent to sell, but only if the quantity is inconsistent with personal use).

The approximately 23 grams of marijuana, packaged into 22 separate baggies, is not so great an amount as to imply an intent to sell without other evidence. *Id.* (five grams of cocaine, packaged in six ring baggies that were contained within a larger baggie, were not of such a great quantity that an intent to sell could be implied); *see also Phillips v. State*, 961 So. 2d 1137, 1140 (Fla. 2d DCA 2007) (possession of 26.6 grams of marijuana packaged in 10 separate bags was insufficient, without more, to prove intent to deliver); *Harris v. State*, 72 So. 3d 804, 808-809 (Fla. 4th DCA 2011) (possession of nearly 50 rocks crack cocaine was insufficient, without more, to support conviction for possession with intent to sell); *Valentin v. State*, 974 So. 2d 629, 630 (Fla. 4th DCA 2008) (evidence of "individually packaged narcotics does not automatically establish intent to sell"). Detective Zamora testified only that the individual packaging of the marijuana in small baggies was consistent with street-level sales of marijuana; he did not say that the quantity and packaging were more consistent with sales, and that it was inconsistent with personal use.

Moreover, the government presented no evidence of suspicious circumstances or anything else that would indicate an intent to sell. The existence of empty baggies alone does not suffice. There is not enough evidence in the record to accept the inference suggested by the government that the baggies were eventually going to be filled with marijuana and sold. No loose marijuana, scales, or other evidence that might suggest narcotics sales was recovered from the residence.

Additionally, officers surveilled the residence for approximately one hour prior to executing the search warrant. There is no evidence that Defendant was observed

selling marijuana or acting suspiciously before officers announced their presence. Nor, we note, is there any evidence that he was involved in the sale of cocaine to the CI four days earlier. That surveillance never revealed any evidence of marijuana distribution generally, nor any involvement by this particular Defendant specifically.

The government places great weight on *Rawlings v. State*, 979 So. 2d 1238 (Fla. 4th DCA 2008). The defendant in that case was convicted of possessing marijuana with the intent to sell after being found with a paper bag containing 31 individual bags of marijuana weighing 28.8 grams. *Id.* at 1239. In affirming the conviction, the appellate court concluded that the veteran narcotics officer's testimony that the amount of marijuana "was inconsistent with personal use" constituted competent substantial evidence of the defendant's intent to sell. *Id.*

*Rawlings* distinguished *Phillips*, a case in which three officers testified that the packaging of 26.6 grams of marijuana in 10 small baggies was consistent with the sale of marijuana. *Id.* at 1240 (citing *Phillips*, 961 So. 2d at 1139). Significantly, though, one of the officers also agreed that the amount of marijuana in one of the baggies was consistent with personal use and that the marijuana seized could have been for personal use as well as for sale. *Id.*

By contrast, *Rawlings* relied on the veteran narcotics officer's testimony that the amount and packaging of the marijuana found on Rawlings was more consistent with possession for sale, and he "did not specifically agree that the amount of marijuana found was consistent with personal use[.]" *Id.* It was this testimony that distinguished the two cases and allowed the issue of intent to be placed before the jury.

We find *Rawlings* factually distinguishable. First, there is no evidence before us suggesting that the amount and packaging of the marijuana found in Defendant's residence is *more consistent* with sales or *inconsistent* with personal use. The only evidence on the issue is Detective Zamora's testimony that 22 individually-packaged baggies of marijuana were consistent with street sales and empty baggies are used to package marijuana and other narcotics.

Second, we find the location in which the marijuana was found to be a distinguishing factor. The marijuana in our case was found in Defendant's residence. The drugs found on the defendants in *Rawlings*, *Phillips*, and other cases cited by the parties were found on those individuals while they were outside. That being the case, personal possession of that quantity inside those baggies is far more consistent with an intent to sell.

Third, the overall quantity of marijuana and total number of individual baggies is simply less in our case. Given the small amount involved, the location in which it was found, and the lack of any other circumstantial or corroborating evidence, we conclude that on balance, the evidence is insufficient to exclude the possibility that the marijuana was for Defendant's personal use.

Based on the foregoing, we find that the government failed to prove the allegation of possession with intent to sell which, therefore, cannot be the basis of revoking his supervised release. Accordingly, we recommend that the Petition be denied on this ground.

2.  <u>Possession</u>[3]

Defendant also contends that the government failed to prove he was in possession of more than 20 grams of marijuana which, under Fla. Stat. § 893.13(6)(b), makes the offense a misdemeanor rather than a felony offense.  We agree.

The weight of the contraband is an essential element of the offense and must be proven by the government.  *See Gunn v. State,* 336 So. 2d 687, 689 (Fla. 4th DCA 1976).  Moreover, weight must be proven with reliable evidence; a mere estimate is insufficient to affirmatively establish the amount of the drug involved.  *See, e.g., Sims v. State*, 402 So. 2d 459, 460-61 (Fla. 4th DCA 1981) (ordering that convictions for possession of more than 100 pounds of cannabis, a second-degree felony, be reduced to convictions for possession of more than five grams and less than 100 pounds of cannabis, a third-degree felony, where the only evidence of weight was a chemist's testimony, based on his visual estimate of unrepresentative samples, that four bales contained more than 100 pounds of marijuana).

Here, Detective Zamora testified that the marijuana found in Defendant's bedroom was approximately 23 grams.  He did not remove the marijuana from the 22 plastic baggies before weighing it and thus was only able to approximate its weight.

---

[3] As Defendant notes, Violation 1 of the Petition cites the wrong statutory provision in connection with the possession charge.  The Petition references Section 893.03(1)(c)7 which is a schedule of controlled substances; that provision does not make it a crime to possess marijuana.  Depending on the amount of marijuana involved, Defendant could be charged with and convicted of felony possession, *see* Fla. Stat. § 893.13(1)(a)2, or misdemeanor possession, *see* Fla. Stat. § 893.03(1)(c)7.  The inaccuracy in the Petition is irrelevant for present purposes, though, because as discussed above the government proved possession of *some* amount of marijuana.

Although the marijuana was sent for further testing, the detective had not seen the results or any other report that reflected the actual weight of the marijuana.

Based on the foregoing, we find that the government failed to meet its burden of showing that Defendant possessed more than 20 grams of marijuana. A mere three grams is the difference here between misdemeanor and felony possession, and the failure to provide more than an approximation of weight constitutes a failure to prove the latter offense.

Nevertheless, as we observed at the outset, possession of any amount of marijuana is a violation of state law and a violation of supervised release. We therefore recommend that the Petition to revoke Defendant's supervised release be granted on this ground.

### III.  CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge hereby **RECOMMENDS** that the Government's Petition for Revocation of Defendant Ira Tyson's Supervised Release [D.E. 456] be **GRANTED** based on the Defendant's admissions to Violations 2-5 of the Petition and the undersigned's finding that the government proved solely the possession charge that is set forth in Violation 1 of the Petition.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge

of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 10th day of September, 2013,

                                             /s/ *Edwin G. Torres*
                                             EDWIN G. TORRES
                                             United States Magistrate Judge